**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: COMMERCIAL MONEY | : | **Case No. 1:02CV16000** |
| CENTER, INC., EQUIPMENT | : | |
| LEASE LITIGATION | : | **(MDL Docket No. 1490)** |
| | : | |
| | : | **JUDGE O'MALLEY** |
| | : | |
| | : | <u>**MEMORANDUM AND ORDER**</u> |
| | : | |
| | : | **This Order Relates To Case Nos.** |
| | : | **02CV16012 and 02CV16022** |

This action is before the Court upon two motions by Royal Indemnity Company ("Royal") to strike and dismiss counterclaims filed by Sky Bank ("Sky") as successor by merger to Metropolitan Bank & Trust ("MB&T") in 02-16012, and as successor by merger to Second National Bank of Warren ("Second National") in 02-16022. (02-16012, Doc. 105; 02-16022, Doc. 84).  For the reasons set forth herein, Royal's motion to strike filed in 02-16012 (Doc. 105) is <u>denied</u> in its entirety.  Royal's motion to strike filed in 02-16022 (Doc. 84) is <u>granted</u> in part and <u>denied</u> in part.  Sky will be permitted to assert its first three counterclaims in case number 02-16022, and Royal's motion to strike is <u>denied</u> as to those claims.  With respect to the fourth counterclaim filed by Sky in 02-16022, Royal's motion to strike is <u>granted</u>.

## I.      Background

The within motions are before the Court in a rather complex procedural posture, which directly impacts the Court's consideration of the instant motions.  In order to illuminate the context of the Court's decision, the Court briefly sets forth the relevant chronological background over the one-year period prior to Royal's filing of the motions to strike.

In December 2005, Sky filed motions to substitute parties in cases 02-16012, 02-16019 and 02-16022.  Those motions were based on Fed. R. Civ. P. 25(c), and on Sky's assertion that CadleRock Joint Venture, L.P. ("CadleRock") had succeeded to the entirety of Sky's interest in all claims in these actions.  Accordingly, Sky also moved to be dismissed as a party to the three actions listed above.  Apparently, after the filing of the substitution motions, Royal's counsel raised questions as to the procedural status of its pending counterclaims against Sky. Accordingly, in January 2006, Sky and CadleRock filed amended motions for substitution ("Amended Substitution Motions")(02-16012, Doc. 69; 02-16019, Doc. 56; 02-16022, Doc. 49), which argued that CadleRock should be substituted for Sky as both plaintiff and counterclaim defendant in all three actions.

Royal filed several memoranda explaining its partial opposition to the substitution of parties proposed by Sky and CadleRock. In its submissions, Royal stated that: (1) it had no objection to the full substitution of CadleRock for Sky in case number 02-16019; (2) it did not object to the joinder of CadleRock as a plaintiff or counterclaim defendant in any of the three actions; and (3) it objected to the dismissal of Sky as a counterclaim defendant in cases 02-16012 and 02-16022.  After the filing of Royal's opposition memoranda, Sky sought and obtained several extensions of time for filing its reply briefs, apparently for purposes of attempting to negotiate an amicable resolution of the issue with Royal and CadleRock.

While the Amended Substitution Motions remained pending, a court-established deadline for motions seeking leave to amend pleadings passed on March 29, 2006.  CadleRock filed motions for leave to file amended pleadings in all three actions.  Sky filed motions for extension of time based on the pendency of the Amended Substitution Motions. (02-16012, Doc. 56; 02-16019, Doc. 62; 02-16022, Doc. 56).  Sky requested that it be permitted leave (1) to file an

2

amended complaint, if necessary, within 20 days after the Court's ruling on the Amended Substitution Motions; and (2) to amend its answers to Royal's counterclaims within 20 days after the Court's ruling on the Amended Substitution Motions, or as otherwise permitted by Court order.  The Court granted Sky's motions for extension of time on July 27, 2006. (02-16000, Doc. 1843).

After receiving Sky's reply memoranda, the Court issued its order resolving the Amended Substitution Motions on August 24, 2006 ("Substitution Order"). (02-16000, Doc. 1854).  The Court granted Sky's motion for substitution as to case number 02-16019, and dismissed Sky as a party to that action.  As to cases 02-16012 and 02-16022, the Court ordered that (1) CadleRock should be joined as a plaintiff and counterclaim defendant in those actions; and (2) Sky should remain as a counterclaim defendant on Royal's claims to recover reservation of rights payments in both actions.  The Court also ordered Sky to file any motions for leave to amend its pleadings within 15 days.

Pursuant to the Substitution Order, Sky filed motions for leave to amend its pleadings in 02-16012 and 02-16022 on September 8, 2006. (02-16012, Doc. 89; 02-16022, Doc. 68).  Sky's motions requested leave to file (1) "its Amended Answers to Royal Indemnity Company's Counterclaims;" and (2) "a Cross-Claim against The Cadle Company and/or CadleRock Joint Venture, L.P."  Sky requested that it be permitted to file these amended pleadings within ten days after the Court's denial of CadleRock's motion for leave to amend or, if the Court should grant CadleRock's amendment motion, within ten days after Royal's filing of its amended answer and counterclaim.[1]

---

[1] Sky also requested that the Court reopen fact discovery related to (1) the substance of the transaction between Sky and CadleRock; and (2) the financial resources of CadleRock.  The Court referred the discovery motion to Magistrate Judge Vecchiarelli, who granted Sky's motion on October 16, 2006 and extended fact discovery on these issues to April 27, 2007. (02-16012, Doc. 92; 02-16022, Doc. 71).

On October 3, 2006, the Court issued its Order resolving the parties' various motions for leave to amend the pleadings. (02-16000, Doc. 1865).  The Court granted leave to CadleRock to file amended pleadings in both 02-16012 and 02-16022.  By non-document orders dated October 4, 2006, the Court also granted Sky's motions for "leave to file amended answers and cross-claim" in 02-16012 and 02-16022.

CadleRock filed its First Amended Complaints against Royal on October 12, 2006. (02-16012, Doc. 90; 02-16022, Doc. 69).  On October 23, 2006, Sky filed its cross-claims against CadleRock, which included claims for declaratory judgment, breach of contract, indemnification and contribution. (02-16012, Doc. 93; 02-16022, Doc. 72).  Sky dismissed its cross-claims without prejudice in both cases, however, on November 2, 2006. (02-16012, Doc. 96; 02-16022, Doc. 75).

On October 26, 2006, Royal filed its Answers to CadleRock's First Amended Complaints. (02-16012, Doc. 94; 02-16022, Doc. 73).  The Answers contained Counterclaims for recovery of reservation of rights payments against Sky and CadleRock, and additional counterclaims against the Guardian and Diversity entities involved in the transactions.  Royal also pleaded Third-Party Claims against various parties, including Michael Anthony, Anthony & Morgan, Sterling Wayne and Anita Pirtle, Ronald and Nancy Fisher, Mark Fisher and Blaine Tanner.  CadleRock and the Guardian/Diversity entities answered Royal's claims on November 6, 2006 and November 10, 2006, respectively. (02-16012, Docs. 97, 98; 02-16022, Docs. 76, 77).  Although the form of the October 2006 pleadings differed from Royal's earlier pleadings in these cases (and the parties changed due to the bank mergers and partial substitution of parties), Sky does not dispute that Royal's October 2006 pleadings asserted claims substantively identical to those asserted by Royal in 2003 and 2004.

4

Royal's October 2006 pleadings also contained new defenses asserted by Royal against CadleRock, which challenged the validity of CadleRock's status as an assignee, as well as the availability of certain claims and remedies to CadleRock as an assignee.  On November 17, 2006, Royal also filed a Notification of Intent and Request for Leave to File a Summary Judgment Motion ("Notification") against CadleRock, seeking leave to move for summary judgment against CadleRock on several grounds.  One basis for Royal's Notification was the contention that CadleRock had not received an effective assignment of all of Sky's claims.

On November 20, 2006, Sky filed its Answers and Affirmative Defenses to Royal's Counterclaim, which also contained Counterclaims against Royal for (1) bad faith; (2) negligent misrepresentation; (3) fraudulent misrepresentation; and (4) breach of fiduciary duty. (02-16012, Doc. 101; 02-16022, Doc. 80).  According to Royal, the first three of these claims are substantively identical to claims previously asserted against Royal by Sky (and its predecessors), and also asserted by CadleRock in its First Amended Complaints, while the fourth claim presents a new legal theory.  On December 8, 2006, Royal moved to strike Sky's Counterclaims in both cases. (02-16012, Doc. 105; 02-16022, Doc. 84).

II.    **Discussion**

Royal asserts that Sky's counterclaims[2] must be stricken because they were filed without leave of court and after Sky had "withdrawn" as a plaintiff in these cases.  Royal argues that, in taking the position that CadleRock had succeeded to all of its claims, Sky waived the right to assert affirmative claims against Royal.  At a minimum, Royal contends, Sky was required to

---

[2] In its motion, Royal denominates the claims asserted by Sky as "counter-counterclaims," since Sky's claims were asserted in response to the counterclaims pleaded by Royal.  For simplicity, the Court refers to the claims alleged by Sky simply as "counterclaims."

seek leave of court prior to filing such claims, and since Sky's motions for leave to amend contained no reference to affirmative counterclaims, such claims now are barred.

Royal asserts that Sky's September 8, 2006 motions requested leave only to amend its answers and file cross-claims against CadleRock, and that only such leave was granted by the Court's non-document orders on October 4, 2006.  Royal also relies on the statements made by Sky in its prior submissions that it had withdrawn from all of its claims against Royal, and remained active in these cases only as a counterclaim defendant.  Royal argues that permitting Sky to assert claims as a counterclaim plaintiff in this action would be inequitable, since Sky specifically argued that it was "no longer a plaintiff," (02-16012, Doc. 89, at 2; 02-16022, Doc. 68, at 2), and that "all of Sky's interest in the subject matter of this lawsuit was clearly transferred to CadleRock and Sky no longer has an interest in this action." (02-16012, Doc. 69, at 4; 02-16022, Doc. 49, at 4).

Sky's decision to reinstate its prior claims against Royal apparently was prompted by Royal's assertion, in its Answers to the Amended Complaints of CadleRock, of new defenses challenging the validity of CadleRock's status as an assignee, as well as the availability of certain claims and remedies to CadleRock as an assignee.  Although Royal did not attempt to assert any new claims against Sky, Sky takes the position that Royal's challenges to the validity and extent of the assignment justify the reassertion of these claims by Sky.

As noted by Royal, and by the Court in its prior Amendment Order (02-16000, Doc. 1865, at 60-61), courts have taken a range of approaches as to whether a party may assert counterclaims in an amended responsive pleading without the necessity of moving for leave to amend.  According to Royal, however, Sky's attempt to assert counterclaims under these circumstances is beyond the scope of any standard for permissible pleading.  Royal argues that

allowing Sky to add counterclaims without leave in its reply pleading, where Royal effected no change to the theory or scope of the case, would give rise to endless rounds of "ping-pong" pleading.  Under these circumstances, Royal argues, Sky's new pleading cannot be considered responsive to any filing made by Royal and is merely an attempt to revive old claims—and assert a new claim—without leave to do so.

Royal contends that, even if Sky had sought leave to amend to assert its new counterclaims, leave should have been denied, because Sky cannot meet the standard for permissive amendment of pleadings under Fed. R. Civ. P. 15(a).  Royal argues that any request for leave by Sky would have been dilatory and in bad faith, since Sky was aware over a year ago of the terms of its assignment to CadleRock.  At the time Sky entered into the Assignment Agreement, Royal asserts, Sky should have conducted, and presumably did conduct, an evaluation of its new posture in the case.  At that time, Sky determined that it no longer had any claims to pursue against Royal and, according to Royal, Sky should not be permitted to unwind its own strategic decision.

With respect to the allegedly new fourth counterclaim, Royal asserts that permitting leave to add that claim would be even more improper, since Sky provides no justification for its failure to assert that claim in its original pleadings in 2002.  Finally, Royal argues that permitting Sky to file its proposed new claims against Royal would be prejudicial, since it would require Royal to defend against the same claims asserted by two different parties, Sky and CadleRock.

Sky counters that Royal has articulated no valid reason to preclude Sky from asserting counterclaims in response to Royal's counterclaims against Sky.  According to Sky, the Court's Order disposing of Sky's motion for substitution did not contain any prohibition on Sky's assertion of counterclaims in response to claims asserted against it.  Additionally, Royal has

argued that certain claims were not assigned by Sky to CadleRock, and thus Sky seeks to protect its interests in the event the Court finds that Sky retained certain claims.

Despite Sky's earlier representations that CadleRock succeeded to "'100%' of Sky Bank's procedural and substantive posture in the MDL," (02-16012, Doc. 88, at 4; 02-16022, Doc. 67, at 4), Sky now contends that it assigned to CadleRock only its contractual claims, and retains tort claims against Royal.  Again, this argument may stem from new defenses raised by Royal—specifically, the defense that CadleRock's tort claims may not be asserted by an assignee.  Presumably, Sky also has raised its fiduciary duty claim based on Royal's assertion of defenses against CadleRock; Royal has asserted that CadleRock did not assume any rights under the SSAs, which necessarily would preclude CadleRock from asserting a fiduciary duty claim arising from those documents.  Sky apparently seeks to fill any gap in CadleRock's position and to reassume any claims that CadleRock may be barred from asserting.

Sky claims that Royal has changed its position multiple times with respect to the effect of the alleged assignment from Sky to CadleRock, and thus Sky attempts to protect its interests in the face of Royal's evolving stance.  Sky complains that, although Royal did not object to the substitution of CadleRock as plaintiff in cases 02-16012 and 02-16022, Royal then challenged the validity of the assignment by asserting new defenses in opposition to CadleRock's claims against Royal.  Sky asserts that Royal contradicts its own affirmative defenses by arguing, in the instant motion, that Sky assigned all claims and retained no rights against it.  Finally, Sky contends that Royal took still a third position in its Notification, filed on November 17, 2006, where Royal stated that Sky Bank had assigned to CadleRock "certain (but not all) rights relating to three lease pools. . . ."  Sky argues that it is Royal's position in this case, not Sky's, that has changed as a result of tactical second-guessing.

8

Sky contends that Royal's shifting defenses are calculated to avoid the liability of Royal to any party, since Royal argues both that Sky has assigned all claims against it, and that CadleRock has not effectively succeeded to those claims.  Sky asserts that Royal should not be able to escape all claims against it by strategically assuming such inconsistent positions.

Sky maintains that its filing of counterclaims in reply is authorized by federal pleading rules, and thus that its new claims cannot be procedurally improper.  *See, e.g., Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979)("the weight of authority allows plaintiffs to file such pleadings if the counterclaims are compulsory. . . .").  Sky asserts that Royal's cited authority applies only where a party seeks to assert permissive counterclaims in a reply, and thus cannot apply to Sky's compulsory counterclaims here.  Additionally, Sky contends, these counterclaims represent its initial pleading in this round of amended pleadings, and thus these counterclaims cannot implicate any concerns regarding "ping-pong pleading."

Sky Bank maintains that its assertion of counterclaims against Royal does no more than protect Sky's interests by preventing waiver of any rights.  Sky notes that the filing of these claims causes no prejudice to Royal, since Sky and CadleRock assert substantively identical claims, and Royal cannot be held liable to both Sky and CadleRock on those claims.  Finally, Sky argues that any motion to strike or dismiss Sky's claims is premature, until fact discovery relating to the assignment between Sky and CadleRock closes on April 27, 2007.

In its reply memorandum, Royal argues that its position with respect to Sky's assignment to CadleRock has been consistent throughout this litigation. Royal asserts that it had no opposition to the substitution of CadleRock for Sky as plaintiff in 02-16012 and 02-16022, nor did it object to the full substitution of CadleRock for Sky in case 02-16019.  Royal maintains, however, that it never waived any defenses relating to the scope, validity or effect of the Sky-

CadleRock assignment, nor could it have done so prior to filing its answer to CadleRock's amended complaint.  Thus, once Royal did answer CadleRock's pleading, it asserted new defenses that arose only because of the substitution of CadleRock as plaintiff, and also included CadleRock as an additional counterclaim defendant pursuant to the Substitution Order.  Royal contends that its assertion of defenses and counterclaims as against CadleRock should have been anticipated and does not provide an appropriate justification for Sky's assertion of new claims without leave.

Additionally, Royal argues that Sky's ability to assert its new counterclaims against Royal is not dependent on any determination of whether Sky's counterclaims are compulsory or permissive.  Rather, Royal contends, Sky voluntarily withdrew from all its claims when it requested that CadleRock be substituted as plaintiff, and it did not reserve the right to reassert those claims at a later point in the litigation.  Finally, with respect to the allegedly new fiduciary duty claim, Royal asserts, Sky is precluded from asserting that counterclaim because it did not request leave to do so prior to the March 2006 deadline.

To the extent that Sky's allegedly "new" counterclaims represent Sky's continued pursuit of claims previously raised, the Court declines to strike such counterclaims.  Although the Court does not condone the confusing and apparently ill-informed manner in which Sky has represented its intentions over the past few months, the Court finds that striking counterclaims that are substantively identical to claims previously filed by Sky or its predecessors would be inappropriate and prejudicial.  As an initial matter, the Court notes that "[j]oinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case. . . ." *Luxliner P.L. Export, Co. v.*

*RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993), *citing Fontana v. United Bonding Ins. Co.*, 468 F.2d 168, 169 (3d Cir. 1972).

Sky did not, therefore, waive or withdraw its previously-filed claims merely by filing the Amended Substitution Motions, nor did the Court effect such a waiver by its issuance of the Substitution Order.  In fact, with respect to the two cases currently before the Court, the Court denied Sky's request for full substitution, and ordered simply that "CadleRock be added as a plaintiff and counterclaim defendant. . . ." (Doc. 1854, at 6).  As circumstances now stand, these two cases will proceed with both Sky and CadleRock as parties, unless those parties choose to renew the substitution motion after completion of fact discovery on the substitution-related issues.  The Court declines to find that the mere <u>joinder</u> of CadleRock as a party to these actions—without full assumption of Sky's position in the litigation—constitutes a waiver of all claims previously (and timely) asserted by Sky's predecessors in interest.  Rather, in light of the Court's order continuing Sky's status as a party to the litigation, the Court finds that Sky's continued assertion of previously raised claims (even if such claims are duplicative of those asserted by CadleRock) is a permissible means of protecting Sky's rights *at this stage*.

To the extent, moreover, that Sky was required to request leave to amend to reassert previously-filed claims, Sky filed documents indicating its desire to amend in these cases on two separate occasions.  The first motions, filed on March 29, 2006 (02-16012, Doc. 56; 02-16022, Doc. 56), requested an extension of time to file <u>amended complaints</u> and answers.  The second set of motions, which requested leave to amend answers and assert cross-claims (02-16012, Doc. 89; 02-16022, Doc. 68), was vague and did not specifically indicate Sky's intention to include the previously-asserted counterclaims in its responsive pleadings.  Sky did note, however, its intent to amend its Answers and Defenses to Royal's counterclaims, stating that "[t]he substance

11

of any amended pleadings asserted by Sky depend[s] upon this Court's order regarding CadleRock's pending motion to amend its pleadings and any subsequent amendments filed thereafter by Royal. . . ." (02-16012, Doc. 89, at 2; 02-16022, Doc. 68, at 2).  Considering both (1) Sky's request for leave to amend its complaint and (2) its later request to respond to any amendments made by Royal, Sky's motions arguably encompassed those matters that could reasonably be asserted in response to Royal's amended claims against it—including the restatement of claims already raised against Royal.

There is no question that Sky has made certain inconsistent statements as to the scope and effect of its assignments to CadleRock.  The Court notes, additionally, that it is troubled by Sky's failure to exercise the same diligence required of all parties in anticipating the potential need to amend pleadings prior to Court-established deadlines.  Sky has, in fact, received more time to make these strategic decisions than any other party involved in this litigation.  Initially, Sky was granted an extension of time for its proposed amendments until after the Court's ruling on the Amended Substitution Motions.  Sky then requested, and was granted, an additional extension of time on September 8, 2006, after the issuance of the Substitution Order.  By the time Sky sought leave to amend in September 2006, the Court should have been able to rely on Sky's representations as to the specific amendments it sought to make.  Given the Court's addition of CadleRock as a plaintiff pursuant to the Substitution Order, Royal's addition of new defenses specific to CadleRock does not strike the Court as unanticipated or inconsistent with the terms of the Substitution Order.  Sky should, therefore, have taken such potential defenses into account in drafting its request for leave to amend its claims.

Ultimately, however, the Court finds that Sky's renewed articulation of claims that have been pending for over four years cannot cause Royal any conceivable prejudice.  By Royal's

acknowledgement, Royal has been aware of the claims for negligent misrepresentation, fraudulent misrepresentation and bad faith since the filing of initial complaints by Sky's predecessors in 2002, and Royal expected that those causes of action would continue to be pursued against it—either by Sky or CadleRock.  Additionally, at this stage of the litigation, the parties have completed fact discovery as to these claims and are prepared, if necessary, to proceed to trial.  The fact that Royal now faces the same claims asserted by two plaintiffs—Sky and CadleRock—cannot prejudice Royal either, since CadleRock asserts only derivative rights as an assignee of Sky, and Royal cannot be subjected to duplicative liability on these claims.

Finally, Sky seeks to reassert its previously-asserted claims in the context of an amended complaint filed against it by Royal, which commenced a new round of pleadings and invoked new defenses based on the addition of CadleRock as a party plaintiff.  In light of CadleRock's new claims, Royal's own amendments and the changed framework of the litigation, the Court construes Sky's motions for leave to amend broadly, and finds that the motions for leave encompassed a request to reassert its first three counterclaims in response to Royal's amended pleading.  Upon the granting of the motions for leave, therefore, Sky was entitled to file its amended pleadings, including the counterclaims that represented its previously-asserted claims against Royal.

Since the Court holds that Sky's continued pursuit of previously-asserted claims is appropriate, the question before the Court focuses on which claims previously were raised in this litigation by Sky or its predecessors in interest.  Since Royal has acknowledged that Sky's first three counterclaims filed in both 02-16012 and 02-16022 were previously raised by Sky's predecessors, the Court does not examine the procedural history of those claims.[3]  Rather, the

---

[3] It is far from clear that the claims previously filed by Sky and/or its predecessors are precisely identical to the first three counterclaims raised here, as Royal alleges.  Since, however, the parties seem to agree as to the scope of the claims in dispute, the Court proceeds on the assumption that the parties' assessment of Sky's previously-asserted claims is correct.

13

Court finds such claims to be previously-filed claims, as to which Royal's motion to strike will be underlined denied.

With respect to Sky's fourth counterclaim for breach of fiduciary duty, Royal contends that this is an entirely new claim never asserted by Sky's predecessors, and thus that the analysis differs from that applied to the first three counterclaims.  The Court carefully has reviewed the pleadings previously filed in these actions by MB&T and Second National, and finds that, with respect to the allegations relating to breach of fiduciary duty, the situation differs with respect to each of the two actions currently under consideration.  With respect to the Amended Complaint filed by MB&T in 02-16012 (Doc. 37), the Court finds that a claim for breach of fiduciary duty is fairly raised by the allegations set forth in that pleading.  Accordingly, the analysis set forth above applies, and Royal's motion to strike the fourth counterclaim filed in 02-16012 (Doc. 101) is denied.

The counterclaim for breach of fiduciary duty sought to be filed in 02-16022, however, stands on a different footing, since the Court finds that those allegations were not fairly encompassed by the initial pleading filed by Second National. (Doc. 1, Exh. 1).  Rather, the fiduciary duty claim presents an entirely new cause of action, and thus Sky was required to request leave to assert that claim within Court-established deadlines.  Sky did not do so, and Sky's belated desire to assert that claim at this late stage cannot stem from any position taken by Royal in its amended pleadings.  Sky clearly was aware of the potential breach of fiduciary duty claim prior to the amendment deadline, as Second National previously had asserted that claim in 02-16012, and Sky succeeded to the rights of Second National no later than 2004. (02-16022, Doc. 37).  Sky thus cannot articulate any reason for its failure to request leave to assert the fiduciary duty claim in 02-16022 prior to the March 29, 2006 amendment deadline.

14

Accordingly, Royal's motion to strike the fourth counterclaim filed by Sky in 02-16022 is granted.

## III.    Conclusion

For the reasons set forth herein, Royal's motion to strike filed in 02-16012 (Doc. 105) is denied in its entirety.  Royal's motion to strike filed in 02-16022 (Doc. 84) is granted in part and denied in part.  Sky will be permitted to assert its first three counterclaims in case number 02-16022, and Royal's motion to strike is denied as to those claims.  With respect to the fourth counterclaim filed by Sky in 02-16022, Royal's motion to strike is granted.

**IT IS SO ORDERED.**

**s/ Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: April 27, 2007**

48804-1