UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CadleRock Joint Venture, L.P.,

                              Plaintiff              Case No: 02CV16012, 02CV16019
                                                     and 02CV16022

              -vs-
                                                     Order
Royal Indemnity Company,

                              Defendant


        The above-referenced cases were part of a multidistrict litigation proceeding consolidated

before this Court for pretrial purposes pursuant to 28 U.S.C. § 1407.  These three cases are

scheduled for consolidated jury trial proceedings commencing on February 21, 2012. *See* Trial

Order issued November 23, 2011, 02-16012, Doc. 113.  The Trial Order required the parties to

file any motions in limine on or before January 5, 2012.[1]  Pursuant to the Trial Order, the parties

filed multiple motions in limine, which have been fully briefed and now are ripe for decision.

        Familiarity with the complex factual background of these cases is assumed.  For detailed

factual background, the Court refers the reader to the two bench trial opinions previously issued

in these and related cases. (02-16000, Doc. 2459; 02-16014, Doc. 131)(collectively, the "Bench

Trial Opinions").[2]

        These  actions  are  presently  before  the  Court  upon  the  motion  of  Royal  Indemnity

---

[1] Due to a typographical error, the Trial Order actually provided that the date for filing motions in limine was
January 15, 2012.  However, the Court stated the correct date during a telephone conference on the record on
November 21, 2011.  All parties filed motions in limine on January 5, 2012.

[2] Where not defined herein, capitalized terms used in this Opinion have the meanings ascribed to them in the Bench
Trial Opinions, as applicable.

Company ("Royal") for an Order that (1) Royal proceed first in the presentation of evidence; (2) liability and damages be bifurcated and tried to the same jury; and (3) all issues of fact be tried to the jury ("Motion to Structure Order of Proof"). (02-16012, Doc. 121; 02-16019, Doc. 94; 02-16022, Doc. 102).  For the reasons set forth herein, Royal's Motion to Structure Order of Proof is <u>granted</u>.

## BACKGROUND

These actions arise from lease bonds issued by Royal to Commercial Money Center, Inc. ("CMC"), relating to equipment leases originated by CMC.  CadleRock Joint Venture, L.P. ("CadleRock"), the plaintiff in these actions, has succeeded to CMC's interests in the lease bonds through a series of assignments.  As the current obligee on the lease bonds, CadleRock seeks to recover against Royal on the lease bonds.

Royal has denied liability to CadleRock on the lease bonds, and has asserted an affirmative defense based upon alleged fraudulent material misrepresentations and concealment of facts by CMC and its principals.  Royal argues that CMC's fraud renders the lease bonds void, and seeks rescission of its bonds.[3]

Royal's Motion to Structure Order of Proof is based upon Royal's assertion that the sole disputed issue as to liability on CadleRock's breach of contract claim is Royal's affirmative defense of fraud in the inducement.  Since Royal bears the burden of proof on its affirmative defense, Royal argues that it is entitled to proceed first in the presentation of evidence.

In addition, since CadleRock's breach of contract claim and Royal's counterclaim for

---

[3] Royal has asserted counterclaims for rescission and recovery of certain payments made under reservation of rights. Royal also has a third-party claim against Blaine Tanner, principal of counterclaim defendants Guardian Capital XV, LLC; Guardian Capital IX, LLC; and Diversity Capital II, LLC (collectively, the "Guardian Entities"), for conspiracy with CMC and for aiding and abetting its fraud.  That claim, for which Royal is also the plaintiff and bears the burden of proof, is largely coextensive with Royal's affirmative defense of fraud in the inducement.

return of payments made under reservation of rights are mutually exclusive, Royal contends that bifurcation of the liability and damages phases of the trial would be most efficient.  In other words, Royal proposes that the jury hear no evidence on damages until reaching a verdict on the issue of liability on CadleRock's claim for breach of contract.  Royal then suggests that, based on the jury's liability finding, the Court conduct a second damages phase, during which the prevailing party—either CadleRock or Royal—would present evidence as to the amount of its damages.  Finally, Royal requests that the Court order that all remaining issues of fact be tried to the jury.

In its opposition memorandum of law (02-16012, Doc. 131), CadleRock apparently agrees with Royal's proposal to bifurcate the liability and damages phases of trial, and states that it will seek to reach a stipulation with Royal as to an acceptable procedure for bifurcation.  Further, CadleRock states that it has no opposition to Royal's request for an order that all remaining factual issues be tried to a jury.  Accordingly, the second and third branches of Royal's motion are granted.[4]  This Opinion focuses solely on Royal's request for an Order permitting it to proceed first in the presentation of evidence.

**DISCUSSION**

CadleRock has two remaining claims against Royal in this litigation: breach of contract and declaratory judgment.  In connection with CadleRock's breach of contract claim, Royal has

---

[4] In an attempt to streamline the issues for trial, and avoid jury confusion (and the attendant risk of a compromised verdict), the Court proposes to the parties the following procedure.  The Court suggests that the parties limit the jury trial currently scheduled to liability issues, and to Royal's affirmative defense of fraudulent inducement.  The parties could stipulate that, based upon the jury's verdict, the issue of damages will be submitted for Court determination.  The Court's determination under the proposed procedure would be limited to the issue of damages, with the right to appeal.  The Court suggests, in the event the parties are agreeable to this procedure, that they so advise the Court's Deputy Clerk.

stipulated to (a) the issuance of its lease bonds to CMC; (b) the chain of assignment of the bonds, including their ultimate assignment to CadleRock; (c) the enforceability of the bonds, subject only to an affirmative defense of fraud in the inducement on the part of CMC as bond obligee; and (d) Royal's failure to pay claims on the bonds (with the exception of certain payments made under reservation of rights). Royal asserts that the trial currently scheduled presents the narrow issue of whether Royal can establish its affirmative defense of fraud, thus entitling Royal to rescind the lease bond contracts.

In arguing that it is entitled to proceed first at trial, Royal relies on federal case law supporting the basic proposition that the right to proceed first in the presentation of evidence normally is afforded to the party bearing the burden of proof. *See, e.g., Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980); *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996). Royal points out that the burden of proof may in some cases rest upon a defendant where, as here, the issue to be tried is an affirmative defense. *See, e.g., Dishman v. American General Assurance Co.*, 193 F. Supp. 2d 1119, 1128 (N.D. Iowa 2002). Royal contends that, since CadleRock's prima facie case on liability is undisputed, Royal's affirmative defense provides the sole disputed issue for trial.[5]

In its memorandum of law (02-16012, Doc. 131), CadleRock disputes Royal's entitlement to proceed first in the presentation of evidence.[6] CadleRock contends that Royal

---

[5] Royal's memorandum of law contains a substantial amount of discussion relating to the standards of proof for Royal's claims at trial, as well as the scope of the evidence admissible in support of Royal's affirmative defense of fraudulent inducement. Some of this discussion is pertinent to Royal's Motion in Limine No. 2, as well as to CadleRock's Motion in Limine, and has been considered by the Court in connection with those motions. The Court agrees with CadleRock, however, that virtually none of this discussion is material to Royal's Motion to Structure Order of Proof, or to this Opinion. Accordingly, the Court declines to comment within this Opinion on either (a) the applicable standards of proof; or (b) the admissibility of evidence, relating to Royal's affirmative defense.

[6] In its opposition memorandum of law, and without citation to case law, CadleRock also challenges the standard of proof as stated by Royal for the affirmative defense of fraudulent inducement. Since the issue is not directly germane to this motion, and since CadleRock has failed in any event to brief the issue, the Court declines to address

4

may not do so unless it first stipulates to "each and every aspect of plaintiff's proof on all elements of its claim . . . ." (Doc. 131, at 2).  CadleRock has attached to its memorandum a proposed 50-paragraph "Stipulation for Trial" (Doc. 131-1), and asserts that Royal must stipulate to the entirety of this recitation if it wishes to proceed first in presenting its evidence. CadleRock's proposed Stipulation is unreasonably broad, and would require Royal to agree to statements entirely inconsistent with Royal's position on the issues that are the subject of the current trial, including the assertion that "the leases . . . were valid and enforceable at the time Royal bonded them . . . ." (Doc. 131-1, at ¶¶ 27, 39, 50).  Presumably for these reasons, Royal has declined to accede to CadleRock's request.

 In its reply memorandum (02-16012, Doc. 149), Royal states that it believes no dispute exists between the parties as to Royal's entitlement to proceed first at trial.  Rather, Royal states, the parties merely have a dispute with respect to the scope and language of stipulated facts.  As an exhibit to its memorandum of law, Royal attaches its proposed "Stipulation for Trial," and suggests that either the Court or the Special Master conduct a conference, with a view toward reaching an agreed set of stipulated facts.

The parties' disputes regarding the appropriate content of the Stipulation for Trial, however, are not necessarily pertinent to this motion.  Regardless of the ultimate scope and language of the facts agreed to by the parties, Royal has stipulated to the essential <u>legal</u> elements of CadleRock's prima facie case, and those legal elements appear to be undisputed.

CadleRock's briefing on this motion does not identify any elements of its contract claim that it believes remain disputed.  To the contrary, CadleRock's briefing in opposition to Royal's Motion in Limine No. 2 makes clear that a primary focus of CadleRock's anticipated case-in-chief is its not its contract claim, but its proposed "estoppel" claim.  For the reasons set forth in

the issue in this Opinion.

the Court's Opinion on Royal's Motion in Limine 2, issued concurrently with this Opinion, the Court has found that CadleRock is barred from advancing arguments relating to its "estoppel" claim, and accordingly, that claim cannot form part of CadleRock's case-in-chief.

Aside from arguments and evidence relating to the foreclosed "estoppel" claim, CadleRock simply has failed to identify any disputed issue relating to its prima facie case, and the Court can discern none.  The Court finds, accordingly, that the only liability issues remaining for determination in this trial are those relating to proof of the elements of Royal's fraudulent inducement defense, and its associated third party claim against Tanner.  Since Royal bears the burden on each of those claims and defenses, it is entitled to the privilege of proceeding first with its proof.   In any event, the order of proof proposed by Royal appears to the Court to be the most efficient way to present a complex and difficult set of facts to the jury in an easily understandable manner.

Royal's Motion to Structure Order of Proof is granted.


## CONCLUSION

For the reasons set forth herein, Royal's Motion to Structure Order of Proof (02-16012, Doc. 121; 02-16019, Doc. 94; 02-16022, Doc. 102) is granted.

So ordered.


s/ James G. Carr
Sr. U.S. District Judge