UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CadleRock Joint Venture, L.P.

                Plaintiff

                                      Order

      -vs-

Royal Indemnity Company,                    Case No. 02cv16012, 02cv16019
                                                          and 02cv16019

                Defendant

      The above-referenced cases were part of a multidistrict litigation proceeding consolidated before this Court for pretrial purposes pursuant to 28 U.S.C. § 1407. These three cases are scheduled for consolidated jury trial proceedings commencing on February 21, 2012. *See* Trial Order issued November 23, 2011, 02-16012, Doc. 113. The Trial Order required the parties to file any motions in limine on or before January 5, 2012.[1] Pursuant to the Trial Order, the parties filed multiple motions in limine, which have been fully briefed and now are ripe for decision.

      Familiarity with the complex factual background of these cases is assumed. For detailed factual background, the Court refers the reader to the two bench trial opinions previously issued

---

[1] Due to a typographical error, the Trial Order actually provided that the date for filing motions in limine was January 15, 2012. However, the Court stated the correct date during a telephone conference on the record on November 21, 2011. All parties filed motions in limine on January 5, 2012.

1

in these and related cases. (02-16000, Doc. 2459; 02-16014, Doc. 131).[2]

These actions are presently before the Court upon the motion of Royal Indemnity Company ("Royal") for production of a confidential settlement agreement between CadleRock Joint Venture, L.P. ("CadleRock") and one or more of the following parties: Guardian Capital IX, LLC; Guardian Capital XV, LLC; Diversity Capital II, LLC (collectively, the "Guardian Entities"), and Blaine Tanner (the "CadleRock/Guardian Settlement Agreement").[3] (02-16012, Doc. 124; 02-16019, Doc. 96; 02-16022, Doc. 104). For the reasons set forth herein, Royal's motion for production of the CadleRock/Guardian Settlement Agreement (02-16012, Doc. 124; 02-16019, Doc. 96; 02-16022, Doc. 104) is granted. A separate request made by CadleRock for production of a Royal settlement agreement, as described herein, is also granted.

## DISCUSSION

In its memorandum of law (02-16012, Doc. 127), Royal argues that the CadleRock/Guardian Settlement Agreement is relevant insofar as it bears on the credibility and bias of various anticipated witnesses in the upcoming trial. Royal notes that CadleRock succeeded to its position as plaintiff in these actions through a series of assignments, which included an assignment from Sky Bank ("Sky") to an affiliate of CadleRock. Through this series of assignments, CadleRock became the holder of (a) three Cognovit Judgments, one against each of the respective Guardian Entities, in the aggregate amount of $11,640,908.00; and (b) interests in three Creditors' Bill Actions (one against each of the Guardian Entities), seeking a judgment that any recovery received by the Guardian Entities in these cases be paid to

---

[2] Where not defined herein, capitalized terms used in this Opinion have the meanings ascribed to them in the two prior bench trial opinions, as applicable.

[3] CadleRock is the plaintiff in these actions, while the Guardian Entities and Tanner (principal of the Guardian Entities) are counterdefendants and a third-party defendant, respectively.

2

CadleRock. Thus, CadleRock's initial posture in this litigation was adverse to the Guardian Entities.

According to Royal, it learned for the first time of the CadleRock/Guardian Settlement Agreement in July 2009, when Blaine Tanner testified to the existence of that agreement during bench trial proceedings before this Court. Daniel Cadle, the principal of CadleRock, also testified during the 2009 bench trial proceedings as to the existence of a settlement agreement with the Guardian Entities. Cadle testified that (a) the CadleRock/Guardian Settlement Agreement eliminated the Guardian Entities' debt to CadleRock; and (b) CadleRock was "controlling . . . the litigation positions" of the Guardian Entities and Tanner. (02-16012, Doc. 127-1, at 8-9). Apparently, since the 2009 bench trial proceedings, CadleRock and the Guardian Entities have refused to further describe the terms of the CadleRock/Guardian Settlement Agreement, or to provide Royal with a copy of that agreement.

All parties agree that Blaine Tanner, as well as several representatives of CadleRock, will likely provide testimony as witnesses in the upcoming trial proceedings. Royal argues that the jury is entitled to consider, in light of the terms of the CadleRock/Guardian Settlement Agreement, whether Tanner or CadleRock witnesses are biased or motivated to provide testimony favorable to each other.

The Guardian Entities have filed a memorandum of law (02-16012, Doc. 138), in which they vigorously oppose Royal's motion for production of the CadleRock/Guardian Settlement Agreement. The Guardian Entities argue that Royal's motion (a) is untimely; (b) is a disguised motion to compel and fails to comply with Local Rule 37.1; and (c) seeks evidence that is cumulative under Fed. R. Evid. 403. Essentially, the Guardian Entities assert that a motion in limine is an improper vehicle for Royal to seek the relief it desires, and that Royal should have

followed the procedures outlined under Local Rule 37.1 pertaining to discovery motions. The Guardian Entities further rely on Fed. R. Evid. 403, which provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence."

In connection with their argument that the CadleRock/Guardian Settlement Agreement is cumulative of other evidence, the Guardian Entities point out that both they and CadleRock stand in the chain of assignees of CMC's obligee interests in the lease bond income streams. As such, the Guardian Entities assert that both CadleRock and the Guardian Entities were harmed by Royal's alleged failure to pay on its bond obligations, and both have an interest in defeating Royal's affirmative defense of fraudulent inducement. In this sense, the Guardian Entities urge, it is patent that the interests of the Guardian Entities and CadleRock have been aligned throughout these cases, and the CadleRock/Guardian Settlement Agreement adds nothing to establishing this fact.

In its opposition memorandum of law (02-16012, Doc. 132), CadleRock takes no position as to Royal's request for production of the CadleRock/Guardian Settlement Agreement. CadleRock requests, however, that if the Court orders production of the CadleRock/Guardian Settlement Agreement, it also order production of a settlement agreement between Royal and Michael Anthony, Anthony & Morgan Surety and Insurance Services Inc. and A&M Select Insurance Services Inc. (collectively, the "Anthony Parties") (the "Royal/Anthony Settlement Agreement").[4]

---

[4] CadleRock's opposition memorandum of law originally also included a request for production of a settlement agreement entered into between Royal and Sky Bank, N.A. ("Sky")(the "Royal/Sky Settlement Agreement"). However, in Royal's reply memorandum of law (02-16012, Doc. 150), Royal advises that, upon the consent of Sky, it already has produced copies of the Royal/Sky Settlement Agreement to both CadleRock and the Guardian Entities. Accordingly, the portion of CadleRock's memorandum of law requesting production of the Royal/Sky Settlement Agreement apparently is moot.

Michael Anthony, a principal of the Anthony Parties, was the attorney-in-fact for Royal, who executed lease bonds and purported to take various other actions on Royal's behalf. CadleRock points out that, throughout this case, Royal asserted claims against Anthony and the Anthony Parties, including fraud and breach of fiduciary duty. Now that Royal has settled its claims against Anthony and the Anthony Parties, CadleRock asserts that the jury is entitled to consider whether the Royal/Anthony Settlement Agreement provides a motivation for Mr. Anthony to provide testimony favorable to Royal at trial.

Royal, in its reply memorandum of law (02-16012 (Doc. 150), does not oppose CadleRock's request. Rather, it agrees that the Royal/Anthony Settlement Agreement presents the same issues as does the CadleRock/Guardian Settlement Agreement, and suggests that both should be produced.

The Court has examined all parties' briefs in detail, and has conducted an *in camera* examination of the CadleRock/Guardian Settlement Agreement. Royal's motion for production of the CadleRock/Guardian Settlement Agreement is <u>granted</u>. CadleRock's request for production of the Royal/Anthony Settlement Agreement likewise is <u>granted</u>.

Although the Guardian Entities contend that Royal's motion is untimely and procedurally improper, the Court declines to find that any party suffered prejudice based on delay or dilatory conduct by Royal. It is undisputed that all parties have been aware of the Sureties' desire for copies of the CadleRock/Guardian Settlement Agreement since 2009. Further, it appears from Royal's counsel's email (attached as an exhibit by the Guardian Entities) that Royal made at least some effort to resolve this dispute informally, offering to produce the Royal/Anthony Settlement Agreement in exchange for the CadleRock/Guardian Settlement Agreement. Most significantly, the Court agrees with Royal that the CadleRock/Guardian Settlement Agreement

(as well as the Royal/Anthony Settlement Agreement) may be relevant to issues of witness credibility and bias. At a minimum, the parties are entitled to production of the agreement, so that they may explore these issues in the pretrial period. CadleRock's request for production of the Royal/Anthony Settlement Agreement should be granted for the same reasons.

As Royal points out, the fact that these agreements may contain confidentiality provisions is no basis for this Court to refuse production of the agreements in the context of this litigation. Even if a party could identify a specific interest here warranting confidentiality, a Stipulated Protective Order for Confidential Information has been entered in this case, which governs various matters, including the use of a "confidential" document at trial. 02-16000, Doc. 191, ¶¶ 1-3.

The Guardian Entities' Fed. R. Evid. 403 argument is an evidentiary argument related to admissibility of the CadleRock/Guardian Settlement Agreement, and has no bearing on Royal's motion for production of that agreement. Further, while the Court has found that the CadleRock/Guardian Settlement Agreement (as well as the Royal/Anthony Settlement Agreement) may well be pertinent to several matters at issue in the upcoming trial, the Court makes no determination at this stage as to the relevance or admissibility of those agreements. Any rulings as to admissibility are reserved to the time of trial.

## **CONCLUSION**

For the reasons set forth herein, Royal's motion for production of the CadleRock/Guardian Settlement Agreement (02-16012, Doc. 124; 02-16019, Doc. 96; 02-16022, Doc. 104) is granted. CadleRock's request for production of the Royal/Anthony Settlement Agreement is likewise granted. CadleRock and the Guardian Entities shall produce a copy of the

CadleRock/Guardian Settlement Agreement to Royal within five (5) days of the date of this Order.  Within five (5) days of the date of this Order, Royal also shall produce to CadleRock and to the Guardian Entities copies of the Royal/Anthony Settlement Agreement.

    So Ordered.

                                            s/ James G. Carr
                                            Sr. U.S. District Judge