UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CadleRock Joint Venture, L.P.,

                                Plaintiff

Case No. 02-16012, 02-16019 and 02-16022

                 -vs-

Order

Royal Indemnity Company,

                              Defendant

The above-referenced cases were part of a multidistrict litigation proceeding consolidated before this Court for pretrial purposes pursuant to 28 U.S.C. § 1407. These three cases are scheduled for consolidated jury trial proceedings commencing on February 21, 2012. *See* Trial Order issued November 23, 2011, 02-16012, Doc. 113. The Trial Order required the parties to file any motions in limine on or before January 5, 2012.[1] Pursuant to the Trial Order, the parties filed multiple motions in limine, which have been fully briefed and now are ripe for decision.

Familiarity with the complex factual background of these cases is assumed. For detailed factual background, the Court refers the reader to the two bench trial opinions previously issued in these and related cases. (02-16000, Doc. 2459; 02-16014, Doc. 131)(collectively, the "Bench Trial Opinions").[2]

These actions are presently before the Court upon the motion of Royal Indemnity Company ("Royal") for an Order precluding CadleRock from presenting or making any

---

[1] Due to a typographical error, the Trial Order actually provided that the date for filing motions in limine was January 15, 2012. However, the Court stated the correct date during a telephone conference on the record on November 21, 2011. All parties filed motions in limine on January 5, 2012.

[2] Where not defined herein, capitalized terms used in this Opinion have the meanings ascribed to them in the Bench Trial Opinions, as applicable.

1

reference to the expert testimony and reports provided by Royal's withdrawn experts, Mark Arvin, Jane Fox, Vikram J. Malkani and Pat McElroy Jr. (02-16012, Doc. 128; 02-16019, Doc. 98; 02-16022, Doc. 106)("Motion to Preclude Expert Testimony").  For the reasons set forth herein, the Motion to Preclude Expert Testimony is <u>granted</u>.

In its opposition memorandum of law (02-16012, Doc. 133), CadleRock states that it does not intend to introduce at trial the testimony or reports of experts Malkani or McElroy.[3] Accordingly, the portions of Royal's motions pertaining to those two experts are moot, and this Opinion addresses only CadleRock's proposed use of the deposition testimony and reports of experts Arvin and Fox.

## DISCUSSION

In its Motion to Preclude Expert Testimony, Royal notes that it has elected not to call at trial certain expert witnesses, who were previously disclosed in this litigation, provided reports and testified at deposition.  Royal asserts that, once it has elected not to call its previously deposed experts, the prior deposition testimony of that expert is hearsay and may not be used by any party.  Royal cites various cases in support of this proposition. *See, e.g., Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (Ct. Cl. 1997); *In re Welding Fume Prods. Liab. Litig.*, 2010 WL 7699456, *31 & n.145 (N.D. Ohio Jun. 4, 2010)(O'Malley, J).

Royal argues, additionally, that the Court should preclude all parties from making any reference to the fact that Arvin and Fox were previously designated by Royal for possible use at

---

[3] CadleRock also asserts that it reserves the right to use the testimony and expert reports from the withdrawn expert witnesses as part of cross-examination of other expert witnesses, to the extent that the testimony and reports of the withdrawn witnesses form part of the underlying facts or data on which the testifying experts rely.  Royal does not dispute that this is an appropriate use of the testimony and reports of its withdrawn experts.  It asserts, however, that as a factual matter, none of Royal's testifying experts were provided the reports of its withdrawn experts, and thus could not have relied on such reports.  The Court does not address this issue in this Opinion; rather, it reserves the question for determination at trial, if necessary.

trial. According to Royal, such information lacks probative value, is unfairly prejudicial and confusing to the jury. Royal cites several cases for the proposition that, where appropriate, courts may exclude reference to the circumstances surrounding an expert's retention to avoid prejudice to a party. *See, e.g., Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 410 (D. Minn. 1999); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 469 (S.D.N.Y. 1995).

Royal contends, finally, that even if the Court permits CadleRock to introduce the testimony of Arvin and Fox, the Court may not admit the reports of those experts, since expert reports are not properly admissible as substantive evidence. Royal relies on Sixth Circuit authority to this effect. *See, e.g., Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994).

CadleRock apparently concedes the proposition that deposition testimony of a withdrawn expert ordinarily is hearsay. CadleRock states, however, that it intends to offer the deposition testimony and expert reports of Arvin and Fox not in their capacity as experts, but because Arvin and Fox are actually fact witnesses in the case. According to CadleRock, Ms. Fox was an employee of U.S. Bank, which performed servicing on the CMC lease pools after CMC ceased operations in 2002. CadleRock asserts that Ms. Fox has knowledge relating to (1) the reasons for lease defaults within the lease pools; (2) the ongoing existence and validity of the leases within the pools; and (3) the amounts owed to CadleRock (damages).

Similarly, CadleRock asserts that Mr. Arvin was an employee of Cash Recovery, LLC, a collection agency hired by U.S. Bank to foreclose on collateral on some of the leases in default. CadleRock claims that Mr. Arvin possesses knowledge of (1) the validity of the leases in the lease pools; and (2) the reasons for the losses on the leases.

In its reply memorandum (02-16012, Doc. 151), Royal argues that CadleRock is not

entitled to treat a witness previously deposed as an expert as a fact witness, regardless of whether that witness is in possession of relevant factual information. To the contrary, Royal argues that the deposition testimony of a withdrawn expert is simply inadmissible for any purpose.

While citing no specific case law on point, Royal asserts that a party may not seek to transform an expert into a fact witness, where the witness previously was deposed solely in an expert capacity. Both Fox and Arvin provided expert reports in early 2007, and provided deposition testimony during the summer of 2007 as expert witnesses. Royal observes that fact discovery in this litigation closed on August 3, 2004, before CadleRock acquired its interests in these actions, and that neither CadleRock nor any other party sought to reopen fact discovery to depose Fox and Arvin as fact witnesses.

Royal contends that fact witness depositions and expert witness depositions "are two very different things" (Doc. 151, at 2), and that counsel taking or defending fact depositions proceed very differently from those taking expert depositions. As a result, Royal urges, CadleRock should not be permitted to "retroactively transform an expert witness deposition into a fact witness deposition." (Doc. 151, at 3).

Royal argues, finally, that the testimony of Arvin and Fox should be excluded since— even if viewed as fact witnesses—these witnesses can provide no testimony relevant to the issues in dispute. Royal notes that CadleRock has not designated any portion of Arvin's deposition testimony, and that CadleRock has designated portions of Fox's testimony relating only to servicing policies and procedures. Royal asserts that CadleRock should be precluded from introducing evidence regarding such policies, or regarding Royal's conduct as a servicer, since these areas of inquiry have nothing to do with Royal's fraudulent inducement defense. Further, Royal argues, any analysis by Fox regarding individual defaulted leases also would not be

probative of any matter relating to Royal's affirmative defense.

Upon review of the parties' briefing, the Court agrees with Royal.  Fact witnesses and expert witnesses are, definitionally, different creatures, and the Federal Rules provide correspondingly different procedures for identification and examination of these different types of witnesses.   Now that these cases have reached the trial stage, CadleRock cannot retroactively convert previously-conducted witness examinations from one form into another.

Rather, CadleRock was required to anticipate its need for testimony from these witnesses, and to seek such testimony, in the form of a fact deposition, sooner.  Any contrary result would run counter to the principles underlying *Glendale*, 39 Fed. Cl. at 425, and the specific discovery procedures established by the Federal Rules.  Since Royal has withdrawn Arvin and Fox as its expert witnesses—and insofar as none of Royal's proffered experts have relied on the reports or testimony of these experts—CadleRock is also precluded from introducing the testimony of Arvin and Fox as purported fact witness testimony.  Further, as to CadleRock's suggestion that it intends to introduce expert witness reports, established Sixth Circuit law provides that expert reports are not admissible as substantive evidence. *See, e.g., Engebretsen*, 21 F.3d at 728-29.

Royal's Motion to Preclude Expert Testimony is granted in its entirety.

## CONCLUSION

For the reasons set forth herein, Royal's Motion to Preclude Expert Testimony (02-16012, Doc. 128; 02-16019, Doc. 98; 02-16022, Doc. 106) is granted.

So ordered.

> /s/ James G. Carr
> Sr. U.S. District Judge